IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Palmetto Assisted Living Systems, Inc.,<br><br>                               Plaintiff,<br><br>   vs.<br><br>KeyBank National Association; Deutsche Bank Trust Company Americas, as trustee for the registered holders of the Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2014-K37; and U.S. Bank National Association, as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2013-KS01; FC Real Estate - Harbison, LLC; FC Real Estate — Rock Hill, LLC; FC Real Estate - Garden City, LLC; and FC Midlands, LLC,<br><br>                              Defendants. | C/A No. 3:18-cv-02665-CMC<br><br>**PLAINTIFF'S RESPONSE TO MIDLAND DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Palmetto Assisted Living Systems, Inc., (the "Plaintiff"), hereby files this Memorandum in Opposition to Defendants **FC Real Estate–Harbison, LLC, FC Real Estate–Rock Hill, LLC, FC Real Estate–Garden City, LLC, and FC Midlands, LLC**, (the "Midland Defendants") Motion to Dismiss, filed October 5, 2018, [DE #12], (the "Motion to Dismiss"). The Midland Defendants first responded to Plaintiff's Complaint by filing the Motion to Dismiss, after this action was removed from the Richland County Court of Common Pleas on September 28, 2018, [DE #1]. As discussed herein, the Plaintiff's Complaint satisfies the pleading requirements of Fed. R. Civ. P. Rule 12(b)(6) and Plaintiff has established the requisite subject matter

1

jurisdiction as required by Fed. R. Civ. P. Rule 12(b)(1), and this Court should deny the Midland Defendants' Motion.

## BACKGROUND

On August 29, 2018, Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Richland County, South Carolina, against the above-named Defendants (thereinafter, the "Complaint"). In the Complaint, Plaintiff has stated that certain Defendants have breached a duty of good faith and fair dealing by withholding their consent to foreclosure certain property through the Plaintiff's request of instituting an Enforcement Action as described in the Subordination Agreements against certain Defendants for default under a Note, and that the Plaintiff is entitled to a judgment allowing such foreclosure. The Complaint was properly served on the Midland Defendants and Defendants KeyBank National Association; Deutsche Bank Trust Company Americas, as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2014-K37; and U.S. Bank National Association, as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2013-KS01, (the "Bank Defendants") and thereafter, the Bank Defendants filed the Notice of Removal on September 28, 2018, [DE #1], and thereafter, a Motion to Dismiss. In the interest of brevity, the facts of this case not specifically mentioned herein are incorporated by reference, as allowed by Rule 10(c), Fed. R. Civ. P.

## ARGUMENT

**A.    DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MUST FAIL.**

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, this court must look to the Complaint to determine if it states a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662

2

(2009). Such a motion should not be granted unless it appears certain that the plaintiff cannot prove any set of facts which would support the claims in the complaint and entitle him to relief. Myland Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Furthermore, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id. This standard simply calls for "enough fact[s] to raise a reasonable expectation that discovery will reveal [supporting evidence]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id.

Specifically, in an action for a declaratory judgment, the facts alleged must present "a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." FCCI Ins. Co. v. Island Pointe, LLC, 309 F. Supp. 3d 399, 404 (D.S.C. 2018) (citing Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)). "The well-settled rule for standing requires that a litigant must demonstrate an '(1) injury in fact (2) that is fairly traceable to the defendant's conduct and (3) that is likely to be redressed by a favorable decision.'" Id. (citing Retail Indus. Leaders Assoc. v. Fielder, 475 F.3d 180, 186 n. 1 (4th Cir. 2007)). "A court should only grant a declaratory judgment 'when the judgment will serve a useful purpose in clarifying and settling legal relations in issue, and when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Id. at 406 (citing Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996)).

Plaintiff agrees that the Midland Defendants were not, at this point, named in the Breach of Contract cause of action. Here, however, the Plaintiff has alleged facts sufficient to set forth

3

that a substantial controversy exists between parties having adverse legal interest which warrant the issuance of a declaratory judgment from this Court. It is axiomatic that, through the institution of this litigation, the Plaintiff and the Midland Defendants are parties with adverse legal interests. Furthermore, the substantial controversy at issue is the default of a certain Promissory Note, of which Plaintiff is the holder, dated August 14, 2015 containing promises by FC Midlands to pay a principal amount of Eight Million Dollars ($8,000,000.00) and other certain sums due to Plaintiff. (the "**FC Midlands Loan**"). Complaint, ¶ 42. Finally, the Plaintiff, as a result of the denial of the Bank Defendants' request of the Plaintiff to file an Enforcement Action, is at risk of suffering actual and consequential damages, as its loan remains in default, its collateral continues to degrade, and it remains unable to take any interest to step in and salvage the collateral for the benefit of all creditors. Complaint, ¶ 45. Similarly, and as requested in the Complaint, Plaintiff seeks a ruling from this Court as to whether Plaintiff may disregard the requirement for consent by the Bank Defendants set forth in the Subordination Agreement due to the Bank Defendants' breach of the covenant of good faith and fair dealing, and proceed with an action against the Midland Defendants. Complaint, ¶ 56.

In this instance, Plaintiff has sought this relief by pleading with the requisite specificity required. See Twombly, 550 U.S. at 556. As such, it is clear that the Plaintiff's Complaint has set forth the elements necessary to bring a Declaratory Judgment action against the Midland Defendants. See FCCI Ins. Co. v. Island Pointe, LLC, 309 F. Supp. 3d 399 (D.S.C. 2018). Therefore, the Midland Defendants' request to dismiss must fail.

**B.    DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION MUST FAIL.**

The Midland Defendants' Motion to Dismiss pursuant to Rule Fed. R. Civ. P. 12(b)(1) should also be denied because jurisdiction is not lacking. A court must assume all factual

allegations of the complaint to be true and may additionally consider evidence outside the face of the complaint when evaluating a 12(b)(1) motion to dismiss for lack of jurisdiction. See State Farm & Cas. Co. v. Singleton, 774 F. Supp. 2d 773, 774 (D.S.C. 2009) (citing Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982), Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991)). When presenting a motion to dismiss for lack of subject matter jurisdiction, the party making the motion may contend that a complaint fails to allege facts upon which subject matter can be based, or, that the jurisdictional allegations of the complaint are not true. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In this instance, the Midland Defendants have failed to show either.

While a district court has the discretion to determine whether it will hear a declaratory judgment action or not, it may refuse to do so only for good reason. Auto Owners Ins. Co. v. Pers. Touch Med Spa, LLC, 763 F. Supp. 2d 769, 774 (D.S.C. 2011). "In deciding whether a declaratory judgment is appropriate, the Court should consider whether the relief requested will '(1) . . . serve a useful purpose in clarifying and settling the legal relations in issue, and (2) . . . terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Auto-Owners Ins. Co. v. Madison at Park W. Prop. Owners Ass'n, Inc., 834 F. Supp. 2d 437, 442 (D.S.C. 2011) (citing Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937); see also 28 U.S.C. § 2201(a) ("[A]ny court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration . . .").

**1. A Controversy Exists Between the Plaintiff and the Midlands Defendants.**

In their Motion to Dismiss, the Midland Defendants assert that no case or controversy exists between the Midland Defendants. This is incorrect. As an initial matter, all of the Midland

Defendants are parties to a Subordination Agreement. **Exhibit A**. In the Plaintiff's Complaint, the Plaintiff specifically outlines the occurrences that lead to the filing of the Complaint, specifically, actions directly related to a breach of the FC Midlands Loan. Complaint, ¶ 42. The FC Midlands Loan is secured by a Pledge and Security Agreement dated August 14, 2015, made by FC Midlands in favor of Palmetto (the "***FC Midlands Pledge***"). The FC Midlands Pledge provides the terms and conditions whereby Palmetto may foreclose on and obtain the membership of FC Midlands Properties III, LLC, which is currently held by FC Midlands. FC Midlands Properties III, LLC, is an indirect parent of FC – Harbison, FC – Rock Hill, and FC – Garden City. Complaint, ¶ 43. Finally, under paragraph 3 of each of the Subordination Agreements, KeyBank, as the Master Servicer for DBTCA and U.S. Bank, must consent to any "Enforcement Action" that Plaintiff wishes to file in connection with the FC Midlands Pledge to protect its interest in the event of a default by FC Midlands under the FC Midlands Loan Agreement. Complaint, ¶ 44.

In summary, and as outlined in Plaintiff's Complaint, the Midlands Defendants are an integral part of this controversy—i.e. one of the main actors that resulted in the filing of the instant proceeding. To say that there is no "case or controversy" between the Plaintiff and the Midlands Defendants is without merit.

**2. The Midland Defendants Are Necessary Parties to this Proceeding.**

Under Fed. R. Civ. P. 19, "a person must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1). "In determining whether

a party is necessary and, then, indispensable, the court must consider the practical potential for prejudice in the context of the particular factual setting presented by the case at bar." Schlumberger Indus., Inc. v. Nat'l Sur. Corp., 36 F.3d 1274, 1286 (4th Cir. 1994). "If two courts handle different aspects of the case separately, the possibility of inconsistent judgments arises." Id. With respect to necessity, Rule 19(a)(1) instructs that a person should be joined in any case where "in the person's absence complete relief cannot be accorded among those already parties." Schlumberger Indus., 36 F.3d at 1287.

Here, the Midland Defendants are necessary parties as contemplated by Fed. R. Civ. P. 19(a)(1). As an initial matter, the default under the FC Midlands Loan is what triggered the institution of this proceeding. It was this default which lead to the breach of the Subordination Agreements by the Bank Defendants. Additionally, the Midland Defendants are parties to the Subordination Agreements. The Subordination Agreements dictate what actions may be taken by the Plaintiff or the Bank Defendants under the terms of the Subordination Agreements, which will thereby have a direct effect on the Midland Defendants. It is unreasonable for the Midland Defendants *not* to be considered necessary parties if, as the Plaintiff has alleged in its Complaint, that the arbitrary and capricious actions of the Bank Defendants can have a direct impact on the Midland Defendants. Given that this proceeding seeks to determine the rights of the Parties to the Subordination Agreement, it only follows that *all* parties would need to be involved in the instant action.

If the Midland Defendants were to be dismissed at this early stage of the litigation, and a favorable ruling was issued to the Plaintiff, the Plaintiff must then institute another action against the Midland Defendants. While this not only adds delay to the relief sought by the Plaintiff, it could additionally leave an existing party, the Plaintiff, "subject to a substantial risk of incurring .

. . inconstant obligations." Fed. R. Civ. P. 19(a)(1). Such a result is what Fed R. Civ. P. 19 protects against. Plaintiff further asserts, here and in the Complaint, that as a result of the Bank Defendants' denial of the request to institute an Enforcement Action, Plaintiff is entitled to a ruling from this Court establishing the rights of the Plaintiff, the Bank Defendants *and* the Midland Defendants with regard to what actions the Plaintiff may be entitled to take under the Subordination Agreements. Complaint, ¶ 57. As such, given the nature and relationship of the Midland Defendants to the Plaintiff and the Bank Defendants, the Midland Defendants are a necessary party to any ruling made by this Court and this Court should find that the Midland Defendants are indispensable parties to the current proceeding.

    **3. A Ruling by this Court on the Plaintiff's Request for a Declaratory Judgment Will Serve a Useful Purpose in Clarifying and Settlement the Legal Relations in Issue.**

As discussed above and in the Plaintiff's Complaint, the Plaintiff specifically outlines the occurrences that lead to the filing of the Complaint, specifically, actions directly related to FC Midland's Breach of the FC Midlands Loan. Complaint, ¶ 42. Additionally, and as discussed in the Complaint, on August 15, 2018, Plaintiff submitted to Defendant KeyBank, as Master Servicer for DBTCA and Defendant U.S. Bank, formal notice of its request under each of the Subordination Agreements for consent to proceeding with an Enforcement Action against FC Midlands so that Plaintiff may obtain the membership interest in FC Midlands Properties III, LLC, and thereby act to protect the interests of all creditors. Complaint, ¶ 48, **Exhibit A**. Thereafter, on August 20, 2018, legal counsel for KeyBank in its capacity as Master Services for DBTCA and U.S. Bank, wrote and formally refused Palmetto's request for consent to it filing any Enforcement Action. Complaint, ¶ 49, **Exhibit B**. Plaintiff asserts, here and in its Complaint, that this denial constitutes a breach of the Subordination Agreements and has sought a declaratory judgment from this Court establishing the rights of the Parties subsequent to such breach. It follows then that the resolution

of this issue would involve all parties involved in the Subordination Agreements, thereby including the Midland Defendants, parties to the Subordination Agreements.

Here, the Plaintiff has plead with the requisite specificity required to show a declaratory judgment would clarify and settle the legal relations of the Parties to this proceeding with respect to the Subordination Agreements. See Twombly, 550 U.S. at 556. In sum, this Court should rule on the issue presented to it by the Plaintiff as such a ruling would "serve a useful purpose in clarifying and settling the legal relations in issue" and the Midland Defendants have failed to provide any relevant authority to show the Court should do otherwise. Auto-Owners Ins. Co., 834 F. Supp. 2d at 442.

**C. IN THE ALTERNATIVE PLAINTIFF SEEKS LEAVE TO AMEND THEIR COMPLAINT**

In the alternative, if the Court finds that Plaintiff failed to plead the Complaint with sufficient particularity, the Court should grant Plaintiff leave to amend its Complaint. Rule 15(a)(2) allows a party to file a motion to amend its Complaint. The "right" to amend encompasses both the right to make "simple changes in phraseology as well as to add a new cause or theory of action." Farrell v. Hollingsworth, 43 F.R.D. 362, 363 (D.S.C. 1968). Leave to amend should only be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Here, granting leave to amend causes no prejudice to the Defendants, especially since Defendants are aware of the factual allegations underlying the Plaintiff's Complaint.

## **CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court deny the Midland Defendants' Motion to Dismiss. Alternatively, if the Court finds that the Plaintiff has not pled its

causes of action with sufficient particularity, the Plaintiff respectfully requests that the Court grant leave for an Amended Complaint (to the extent that any leave may be required) and refrain from ruling on the Midland Defendants' Motion until Plaintiff files its forthcoming Amended Complaint, which should render this motion moot.

        s/ Jenkins M. Mann
        Shaun C. Blake (S.C. Fed. Bar #10358)
        Jenkins M. Mann, Esq. (S.C. Bar # 9986)
        ROGERS LEWIS JACKSON MANN & QUINN, LLC
        1901 Main Street, Suite 1200
        P.O. Box 11803 (29211)
        Columbia, SC 29201
        Tel: (803) 256-1268
        Fax: (803) 252-3653
        Email: sblake@rogerslewis.com;
        jmann@rogerslewis.com

        **Attorneys for Plaintiff**

October 26, 2018