IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Palmetto Assisted Living Systems, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> KeyBank National Association; Deutsche Bank Trust Company Americas, as trustee for the registered holders of the Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2014-K37; and U.S. Bank National Association, as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2013-KS01; FC Real Estate - Harbison, LLC; FC Real Estate — Rock Hill, LLC; FC Real Estate - Garden City, LLC; and FC Midlands, LLC, <br><br> Defendants. | C/A No. 3:18-cv-02665-CMC <br><br> **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS** |

Plaintiff Palmetto Assisted Living Systems, Inc., (the "Plaintiff"), hereby files this Memorandum in Opposition to Defendants **KeyBank National Association; Deutsche Bank Trust Company Americas, as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2014-K37; and U.S. Bank National Association, as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2013-KS01**, (the "Bank Defendants") Motion to Dismiss, filed October 5, 2018, [DE #14], (the "Motion to Dismiss"). The Bank Defendants first responded to the Plaintiff's Complaint by filing the Motion to Dismiss, after this action was removed from the Richland County Court of

1

Common Pleas on September 28, 2018, [DE #1]. As discussed herein, the Plaintiff's Complaint satisfies the pleading requirements of Fed. R. Civ. P. Rule 12(b)(6) and this Court should deny the Bank Defendants' Motion.

## BACKGROUND

On August 29, 2018, Plaintiff commenced this action by filing a Complaint in the Court of Common Pleas of Richland County, South Carolina, against the above-named Bank Defendants (thereinafter, the "Complaint"). In the Complaint, Plaintiff has alleged that Subordination Agreements exist by and between Plaintiff and the Bank Defendants. (Plaintiff's Complaint, 40 & 41). Plaintiff further alleges that the Bank Defendants breached the Subordination Agreements by wrongfully withholding consent to foreclosure of the Midlands' Defendant's properties. (Plaintiff's Complaint, 44). The Complaint was properly served on the Bank Defendants and thereafter, the Bank Defendants filed the Notice of Removal on September 28, 2018, [DE #1], and thereafter, a Motion to Dismiss. In the interest of brevity, the facts of this case not specifically mentioned herein are incorporated by reference, as allowed by Rule 10(c), Fed. R. Civ. P.

## ARGUMENT

**A.  DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM MUST FAIL.**

When considering a Fed. R. Civ. P. 12(b)(6) motion to dismiss, this court must look to the Complaint to determine if it states a "plausible claim for relief." Ashcroft v. Iqbal, 556 U.S. 662 (2009). Such a motion should not be granted unless it appears certain that the plaintiff cannot prove any set of facts which would support the claims in the complaint and entitle him to relief. Myland Laboratories, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Furthermore, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Id. This standard simply calls for "enough fact[s] to raise a reasonable expectation

that discovery will reveal [supporting evidence]." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id.

   1. **Breach of Contract.**

Under South Carolina law, the well-known elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach. Lewis v. Omni Indem. Co., 970 F. Supp. 2d 437, 455 (D.S.C. 2013). Further, "[u]nder South Carolina law, there exists in every contract an implied covenant of good faith and fair dealing. King v. Carolina First Bank, 26 F. Supp. 3d 510, 518 (D.S.C. 2014). "'[T]he implied covenant of good faith and fair dealing is not an independent cause of action separate from the claim for breach of contract.'" Skinner v. Gateway Mortg. Grp., LLC, No. CV 3:13-02924-MGL, 2017 WL 4776455, at *5 (D.S.C. Oct. 23, 2017) (citing RoTec Servs., Inc. v. Encompass Servs., Inc. 594 S.E. 2d 881, 884 (S.C. Ct. App. 2004)). "Rather, the cause of action for breach of the implied covenant of good faith and fair dealing is subsumed under the breach of contract claim." Id. "The implied covenant of good faith and fair dealing is 'another term of the contract at issue,' and is 'implied in every contract.'" Id. (the Court noting that the breach of the implied covenant of good faith and fair dealing claim may be part of Plaintiffs' cause of action for breach of contract).

Here, the Bank Defendants do not dispute the existence of a contract, or more accurately, the existence of three contracts, between the Parties: the "Harbison Subordination Agreement," the "Rock Hill Subordination Agreement,"; and the "Garden City Subordination Agreement". **Exhibit A**. Thus, the Bank Defendants do not assert that the Plaintiff has not properly alleged the first element required under a breach of contract cause of action.

Instead, the Bank Defendants incorrectly assert that "Plaintiff has failed to show that the Subordination Agreements have been breached" and that the "refusal to consent to an Enforcement Action cannot possibly constitute a breach of the Subordination Agreements . . ." Defendants' Motion, p. 7 [DE #14]. The Bank Defendants' assertions are incorrect.

Analyzed pursuant to the Rule12(b)(6) standard, Plaintiff's Complaint survives the Defendant's Motion to Dismiss. Plaintiff's Complaint alleges that Paragraph 3 of the Subordination Agreements requires, by its terms, and/or by implied covenant, the Bank Defendants to consent to any "Enforcement Action" that Palmetto wishes to in connection with the FC Midlands Pledge. Complaint ¶ 44. Plaintiff further alleges that, on August 20, 2018, the Bank Defendants refused to consent to Plaintiff filing an Enforcement Action, therein breaching the Subordination Agreements. Complaint ¶ 49. As a result, the Plaintiff suffered damages. Complaint ¶ 55; Plaintiff's Prayer for Relief. Nothing more is required for the Plaintiff to survive a Rule 12(b)(6) Motion.

Defendant Bank's argument is based upon the Bank Defendants' interpretation of the Subordination Agreements. Defendant Banks believe that the Subordination Agreements allow the Trusts to "withhold their consent for any reason or no reason." Defendant Banks further state that "under no circumstances" allows the Trusts to "act[ing] solely for their own benefit and placing their interest above those of the Plaintiff . . . ." The Defendant Banks assert that this broad interpretation of the Subordination Agreements prevent the Defendant Banks from being in breach of the Subordination Agreements.

In as much as Defendant has argued that Plaintiff seeks to "rewrite" the Subordination Agreements, Defendant's representations are an example of the same. Nothing in Paragraph 3 of the Subordination Agreements allows the Defendant Banks to "withhold consent for any reason or

no reason." Rather, Paragraph 3 states that Plaintiff "will not pursue any Enforcement Action except with Mortgage Lender's consent . . . ." There is no language authorizing the Mortgage Lender to arbitrarily refuse consent, which is the "breach" Defendant asserts as "missing" from the Plaintiff's Complaint. Likewise, Paragraph 3 goes on to state that "under no circumstances may any party acquire any interest in the Pledged Assets without approval of the Mortgage Lender . . . ." Again, there is no language contemplating the Mortgage Lenders arbitrary refusal to provide approval. Had this been the intention of the parties, the parties would have simply inserted the words "voluntary" before "consent" and "approval." The Defendant Bank's arbitrary and self-serving refusal of "consent" and "approval" without contractual authority establishes a breach of the Subordination Agreements between Plaintiff and Defendant Banks, so as to defeat the Defendant Bank's Motion to Dismiss.

Because Plaintiff has alleged specific facts that establish all three (3) elements for a breach of contract action, the Bank Defendants'[1] Motion to Dismiss Plaintiff's Complaint must fail. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).

**2. Declaratory Judgment.**

In a single paragraph, the Bank Defendants set forth the assertion that "Plaintiff's ability to prevail on its claim for declaratory judgment hinges on its ability to prevail on its breach of contract claim." Bank Defendants' Motion, p. 9, [DE #1]. This conclusory allegation is without

---

[1] In the Bank Defendants' Motion, KeyBank, individually, sets forth the conclusory allegation that KeyBank "must be dismissed because KeyBank is not a party of the Subordination Agreements." Bank Defendants' Motion, p. 9, [DE #1]. KeyBank, however, sent the August 20, 2018 letter denying Plaintiff's request to proceed with an Enforcement Action and even if such an assertion is to be taken as true, which it should not, KeyBank has materially participated in the actions that have resulted in the breach of the Subordination Agreements described herein.

merit or support. For the reasons previously cited herein, Plaintiff is entitled to go forward as to its Declaratory Judgment Cause of Action.

B. **IN THE ALTERNATIVE PLAINTIFF SEEKS LEAVE TO AMEND THEIR COMPLAINT**

In the alternative, if the Court finds that Plaintiff failed to plead the Complaint with sufficient particularity, the Court should grant Plaintiff leave to amend its Complaint. Rule 15(a)(2) allows a party to file a motion to amend its Complaint. The "right" to amend encompasses both the right to make "simple changes in phraseology as well as to add a new cause or theory of action." Farrell v. Hollingsworth, 43 F.R.D. 362, 363 (D.S.C. 1968). Leave to amend should only be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Edwards v. City of Goldsboro, 178 F.3d 231, 242 (4th Cir. 1999) (quoting Johnson v. Oroweat Foods Co., 785 F.2d 503, 509 (4th Cir. 1986). Here, granting leave to amend causes no prejudice to the Defendants, especially since Defendants are aware of the factual allegations underlying the Plaintiff's Complaint.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny the Bank Defendants' Motion to Dismiss. Alternatively, if the Court finds that the Plaintiff has not pled its causes of action with sufficient particularity, the Plaintiff respectfully requests that the Court grant leave for an Amended Complaint (to the extent that any leave may be required) and refrain from ruling on the Bank Defendants' Motion until Plaintiff files its forthcoming Amended Complaint, which should render this motion moot.

*SIGNATURE PAGE ATTACHED*

s/ Jenkins M. Mann
Shaun C. Blake (S.C. Fed. Bar #10358)
Jenkins M. Mann, Esq. (S.C. Bar # 9986)
ROGERS LEWIS JACKSON MANN & QUINN, LLC
1901 Main Street, Suite 1200
P.O. Box 11803 (29211)
Columbia, SC 29201
Tel: (803) 256-1268
Fax: (803) 252-3653
Email: sblake@rogerslewis.com;
jmann@rogerslewis.com

**Attorneys for Plaintiff**

**October 26, 2018**