IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Palmetto Assisted Living Systems, Inc., <br><br>  Plaintiff, <br><br> v. <br><br> KeyBank National Association; Deutsche Bank Trust Company Americas, as trustee for the registered holders of the Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2014-K37; and U.S. Bank National Association, as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2013-KS01; FC Real Estate – Harbison, LLC; FC Real Estate – Rock Hill, LLC; FC Real Estate – Garden City, LLC; and FC Midlands, LLC, <br><br> Defendants. | C/A No. 3:18-cv-2665-CMC <br><br><br><br> Opinion and Order Granting Midlands Defendants' Motion to Dismiss (ECF No. 12) |

Through this action, Plaintiff, Palmetto Assisted Living Systems, Inc. ("Plaintiff"), brings a claim against Defendants KeyBank National Association ("KeyBank"); Deutsche Bank Trust Company Americas ("DBTCA"), as trustee for the registered holders of the Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2014-K37 ("the K37 Trust"); and U.S. Bank National Association ("U.S. Bank"), as trustee for the registered holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2013-KS01 ("the KS01 Trust") for breach of contract. Plaintiff also seeks a declaratory judgment that KeyBank, U.S. Bank, and DBTCA breached the contract and implied covenant of good faith and fair dealing in withholding consent to foreclose

certain property, and that Plaintiff is entitled to a judgment allowing foreclosure. Plaintiff has also named as Defendants FC Real Estate – Harbison, LLC; FC Real Estate – Rock Hill, LLC; FC Real Estate – Garden City, LLC; and FC Midlands, LLC (collectively, "the Midlands Defendants").

The matter is before the court on the Midlands Defendants' motion to dismiss the breach of contract claim under Fed. R. Civ. P. 12(b)(6), and the declaratory judgment claim for lack of subject matter jurisdiction under Rule 12(b)(1). ECF No. 12. Plaintiff filed a response (ECF No. 22) and the Midlands Defendants replied (ECF No. 24).

On January 31, 2019, the court entered an Order holding the motion to dismiss in abeyance, as Plaintiff had requested leave to file an Amended Complaint in its response to the Midlands Defendants' Motion to Dismiss. *See* ECF Nos. 22 at 9 (Plaintiff's response), 36 (Order). Plaintiff filed a motion for leave to file Amended Complaint, and attached the Proposed Amended Complaint. ECF No. 38. Both sets of Defendants opposed. ECF Nos. 39, 40. Because it found Plaintiff's proposed amendments futile, the court denied Plaintiff's motion for leave to file an Amended Complaint. ECF No. 41.

For the reasons set forth below, the Midlands Defendants' motion is granted.

**STANDARD**

**Rule 12(b)(6)**. A motion under Federal Rule of Civil Procedure 12(b)(6) should be granted only if, after accepting all well-pleaded allegations in the complaint as true, it appears certain that the plaintiff cannot prove any set of facts in support of its the claims that entitles it to relief. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). Although the court must take the facts in the light most favorable to the plaintiff, it "need not accept the legal conclusions [the plaintiff would draw] from the facts." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

2

The court may also disregard any "unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

The Rule 12(b)(6) standard has often been expressed as precluding dismissal unless it is certain that the plaintiff is not entitled to relief under any legal theory that plausibly could be suggested by the facts alleged. *See Mylan Labs., Inc. v. Markari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Nonetheless, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quoted in *Giarratano*, 521 F.3d at 302). Thus, in applying Rule 12(b)(6), the court also applies the relevant pleading standard. Despite the liberal pleading standard of Rule 8, a plaintiff in any civil action must include more than mere conclusory statements in support of a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (court need only accept as true the complaint's factual allegations, not its legal conclusions); *see also McCleary-Evans v. Maryland Dept. of Trans.*, 780 F.3d 582, 587 (4th Cir. 2015) (noting "*Iqbal* and *Twombly* articulated a new requirement that a complaint must allege a plausible claim for relief, thus rejecting a standard that would allow a complaint to survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some set of [undisclosed] facts to support recovery." (emphasis and alteration in original, internal quotation marks omitted)); *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Robertson v. Sea Pines Real Estate Companies, Inc.*, 679 F.3d 278 (4th Cir. 2012) for proposition Plaintiff need not forecast evidence sufficient to prove the elements of a claim, but must allege sufficient facts to establish those elements).

**Rule 12(b)(1)**. Plaintiff bears the burden of establishing a proper basis for the assertion of subject matter jurisdiction. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A motion challenging the existence of subject matter jurisdiction may challenge either the adequacy of the

allegations or the facts alleged. *Id.* Where the factual basis for the assertion of subject matter jurisdiction is challenged, no presumption of truthfulness applies to the facts of the case and the court may resolve disputed issues of fact. *Id.* However, where the facts central to jurisdiction are intertwined with those central to the merits, it may be necessary to find jurisdiction and proceed to resolve the claims on their merits. *Id.*

## FACTS[1]

Plaintiff entered into three Subordination Agreements (the Harbison Subordination Agreement, the Rock Hill Subordination Agreement, and the Garden City Subordination Agreement) for the Midlands Defendants to purchase properties from Plaintiff. ECF No. 1-1 at ¶¶ 2, 42. Defendants U.S. Bank and DBTCA are the trustees for the KS01 and K37 Trusts, respectively, that hold the Promissory Note and Pledge and Security Agreement to facilitate this sale of properties,[2] and KeyBank acted as the master servicer for both U.S. Bank and DBTCA in connection with the Subordination Agreements. *Id.* at ¶¶ 6, 11, 16. As set forth in the Subordination Agreements, Plaintiff holds a promissory note dated August 14, 2015, in which FC Midlands promised to pay eight million dollars and other certain sums due to Plaintiff (the "FC Midlands Loan"). *Id.* at ¶ 42. That loan is secured by a Pledge and Security Agreement between FC Midlands and Plaintiff, which provides terms and conditions under which Plaintiff may foreclose on and obtain membership of FC Midlands Properties III, LLC (currently held by FC

---

[1] These facts are drawn from Plaintiff's Complaint, and are accepted as true for purposes of this motion. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] DBTCA is the trustee for the K37 Trust, which holds the Note and Security Instrument identified in the Harbison Subordination Agreement. *Id.* at ¶ 6. U.S. Bank is the trustee of the KS01 Trust, which holds the Notes and Security Instruments identified in the Rock Hill Subordination Agreement and the Garden City Subordination Agreement. *Id.* at ¶ 11.

Midlands). *Id.* at ¶ 43. Under the Subordination Agreements, KeyBank (as master servicer for the Trusts) must consent to any "Enforcement Action" Plaintiff may file to protect its interest in the event of a default under the FC Midlands Loan Agreement. *Id.* at ¶ 44.

On August 15, 2018, Plaintiff submitted to KeyBank, as master servicer for DBTCA and U.S. Bank, formal notice of its request under each Subordination Agreement for consent to proceed with an Enforcement Action against FC Midlands to obtain the membership interest in FC Midlands Properties, III, LLC, as contemplated in the Pledge and Security Agreement. *Id.* at ¶ 48. KeyBank refused Plaintiff's request for consent. *Id.* at ¶ 49. Although Plaintiff requested KeyBank (and U.S. Bank and DBTCA) provide a good faith reason for denying consent, they did not do so. *Id.* at ¶¶ 51-52.

**ARGUMENTS**

In support of their motion to dismiss, the Midlands Defendants argue the Complaint does not allege any breach of contract by the Midlands Defendants, and no case or controversy exists between Plaintiff and the Midlands Defendants, as the declaratory judgment claim only affects the rights of KeyBank, U.S. Bank, and DBTCA. ECF No. 12-1. They also argue the Midlands Defendants are not necessary parties, as the court can afford complete relief for Plaintiff's claims without the Midlands Defendants, as their rights are not affected or at issue. *Id.* at 8-9. Finally, they contend "there is no useful purpose in the proposed declaratory judgments" because there is already an action at law for the same conduct. *Id.* at 10. Because declaratory relief would be duplicative, they argue the court should not consider it. *Id.* at 11.

In response, Plaintiff argues it has alleged facts sufficient to show a "substantial controversy exists between parties having adverse legal interests," although it admits the Midlands Defendants are not named in the breach of contract claim "at this point." ECF No. 22 at 3-4.

5

Plaintiff also argues jurisdiction is not lacking, as a controversy exists between it and the Midlands Defendants, who are necessary parties to this proceeding, and a declaratory judgment will clarify the legal rights of each party subsequent to the alleged breach. *Id.* at 5-8. In the alternative, Plaintiff requests leave to amend the Complaint if the court determines Plaintiff has failed to plead with sufficient particularity. *Id.* at 9.

The Midlands Defendants submitted a reply in further support of their motion, arguing Plaintiff has conceded it alleges no breach of contract claim against them and the declaratory judgment action does not affect the rights of the Midlands Defendants, but solely concerns the rights of KeyBank, U.S. Bank, and DBTCA. ECF No. 24. Because no actual controversy exists between Plaintiff and the Midlands Defendants, who are not directly involved in the contract dispute at issue, the court should dismiss all claims against them. *Id.* at 5. Finally, they contend allowing Plaintiff leave to amend cannot cure the "fatal deficiencies" in the Complaint. *Id.* at 9.

## DISCUSSION

In its Complaint, Plaintiff alleges breach of contract by the Trust Defendants, and requests a Declaratory Judgment as to all Defendants. ECF No. 1-2. However, the allegations relate to the Trust Defendants' purported breach of the Subordination Agreements, to which the Midlands Defendants are not parties. Plaintiff does not request any relief as to the Midlands Defendants.

While it may be true the Midlands Defendants are parties to certain agreements with Plaintiff, they are not parties to the Subordination Agreements. Although Plaintiff attempted to propose amendments to the Complaint that would add the Midlands Defendants to the breach of contract claim and include a declaratory judgment claim directed at them, the court found these proposed amendments futile as they failed to state a claim for breach of contract against the Midlands Defendants and any claim for declaratory relief was not ripe. The court has now

determined there was no breach of contract by the Trust Defendants. See ECF No. 42. Accordingly, as no other breach was alleged against the Midlands Defendants, the declaratory judgment claim must be dismissed.

## CONCLUSION

For the reasons set forth above, the Midlands Defendants' motion to dismiss (ECF No. 12) is granted. The claims against the Midlands Defendants are dismissed with prejudice.[3]

**IT IS SO ORDERED**.

s/Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
Senior United States District Judge

Columbia, South Carolina
April 25, 2019

---

[3] Plaintiff has attempted to amend its Complaint and the court found the proposed amendments futile. It does not appear Plaintiff could amend to allege a claim against these Defendants.